UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                               :
JERONICA PHILLIPS,                             :       CASE NO. 3:14-CV-00598
                                               :
              Petitioner,                      :
                                               :
vs.                                            :       OPINION & ORDER
                                               :       [Resolving Doc. No. 3]
NEIL TURNER, WARDEN,                           :
                                               :
              Respondent.                      :
                                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro se* Petitioner Jeronica Phillips filed this Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2254.  He filed an Amended Petition (Doc. No. 3) on May 13, 2014.  Petitioner is

currently incarcerated in the North Central Correctional Institution, serving a ten month sentence

for possession of cocaine.  At the time of his conviction, he was on post release control from a

2006 and 2009 conviction, and his conviction for possession of cocaine violated the conditions

of his release.  He was sanctioned with an additional 891 days in prison for the violation.

Petitioner claims he is entitled to habeas relief because he completed his sentence for his 2005

conviction and cannot be returned to prison to serve any part of that sentence.  For the reasons

set forth below, the Petition is denied and the action is dismissed without prejudice because

Petitioner failed to exhaust his state court remedies.

## I.  Background

        Petitioner has three convictions which are relevant to this case.  He was convicted of

burglary in 2006 in the Lucas County Court of Common Pleas and sentenced to four years in prison.  He served 18 months of that sentence and was granted judicial release on October 18, 2007.  The court, however, imposed four years of community control monitoring.

Petitioner violated the conditions of his release when he was indicted in the Wood County Court of Common on March 19, 2009 on charges on trafficking in drugs and tampering with evidence.  Judge Denise Ann Dartt conducted a revocation hearing on March 23, 2010, and ordered Petitioner to return to prison to serve the balance of his four year sentence.

In Wood County, Petitioner entered a plea to amended charges of drug trafficking and attempted tampering with evidence and was sentenced to two years incarceration on count one and six months incarceration on count 2.  His sentence on count one is to be served concurrent with his sentence in Lucas County while count two is to be served consecutive to the other sentences.

Upon completion of these sentences, Petitioner once again was released on post release control.  It is not clear from the Petition whether post release control was imposed for his 2006 conviction, for his 2009 conviction, or for both convictions.

Shortly after his release from prison, he was arrested in Toledo, Ohio on April 4, 2013 and charged with possession of drugs (crack cocaine).  He was also charged with violating the conditions of his post release control.  He was convicted by a jury on July 1, 2013 and was sentenced to ten months incarceration on the drug charge.  In addition, the court imposed a sanction of 891 days in prison for the post release control violation, and ordered the sentences to be served consecutively.  Petitioner did not appeal his convictions or sentences.

Petitioner filed a state habeas corpus action in the Marion County Court of Common

-2-

Pleas.  He does not elaborate on the grounds he asserted in this Petition; however, he indicates the Court denied the Petition on January 29, 2014 stating a direct appeal, not habeas corpus, was the proper manner to address his claims.

Petitioner did not heed this advice.  Instead, he filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, asserting one count for relief:

> The Petitioner's sentence under case # CR-0201301685-000 is illegal and void ab initio as the trial court lacked any form of jurisdiction in which to impose the (891) days prison term.

(Doc. No. 3 at 5).  He explains that the Court in his 2005 criminal case imposed a four year sentence but he was granted judicial release on October 15, 2007.  He claims he violated the terms of community control, and returned to prison to serve the remainder of the sentence.  He asserts the imposition of a second post release control violation violated his Fifth and Fourteenth Amendment rights.

## II.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be

-3-

presumed to be correct.  *Wilkins v. Timmerman-Cooper*,  512 F.3d 768, 774-76 (6th Cir. 2008).

The Petitioner has the burden of rebutting the presumption of correctness by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas

relief on any claim that was adjudicated on the merits in any state court unless the adjudication

of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States; or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d);

*Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is

"diametrically different, opposite in character or nature, or mutually opposed" to federal law as

determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405

(2000).  In order to have an "unreasonable application of ... clearly established Federal law," the

state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at

409.  Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.*

at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it

represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other

words, a state court's determination of facts is unreasonable if its finding conflict with clear and

convincing evidence to the contrary.  *Id.*  "This standard requires the federal courts to give

considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th

Cir.2007).  AEDPA essentially requires federal courts to leave a state court judgment alone

-4-

unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'"
*Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### IV. **Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a
Petitioner must overcome several procedural hurdles.  Specifically, the Petitioner must surmount
the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no
remaining state remedies before a federal court will review a petition for a writ of habeas corpus.
28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled
once a state supreme court provides a convicted defendant a full and fair opportunity to review
his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17
F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state
courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343
F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the
opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.
Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim
to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in
terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of
the specific constitutional right in question; (2) relied upon federal cases employing the
constitutional analysis in question; (3) relied upon state cases employing the federal
constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the

-5-

pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991).  In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the Court must determine whether: (1)

there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### V.  Analysis

Petitioner has not exhausted his state court remedies before filing this Petition.  He argues that his state habeas corpus petition satisfies the exhaustion requirement because sentencing errors are jurisdictional and therefore habeas corpus, not a direct appeal, was the

-7-

appropriate means to be bring his claims to the state court.  The Marion County Court of

Common Pleas did not agree with his conclusion, and dismissed the petition, advising Petitioner

to file a direct appeal.  Petitioner indicates to this Court that he has not pursued his direct

appeals.  Because he has a remedy remaining in state court, his claim is unexhausted.

As explained above, Petitioner cannot obtain federal habeas relief unless he has

completely exhausted his available state court remedies to the state's highest court.  *Buell v.*

*Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).  The United States

Supreme Court has emphasized that the "interests of comity and federalism dictate that state

courts must have the first opportunity to decide a petitioner's claim," since "it would be

unseemly in our dual system of government for a federal district court to upset a state court

conviction without an opportunity to the state courts to correct a constitutional violation."

*Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted).  Accordingly, where a habeas

petition contains unexhausted claims, there is a "strong presumption" in favor of requiring

Petitioner to pursue his available state remedies.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987);

*see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme

Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be

for narrow purposes only").

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it

determines that a return to state court would be futile.  If a Petitioner fails to fairly present his

claims through the requisite of levels of state appellate review to the state's highest court, and no

avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to

pursue his claims in the state courts, the claims are subject to dismissal with prejudice as

procedurally defaulted.  *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

Petitioner has a remedy available which he can pursue in the Ohio Courts.  Ohio Appellate Rule 5(A) permits a criminal defendant to seek leave to file a delayed appeal of his conviction.  Although far from a guaranteed remedy, this Court cannot conclude that return to state court would be futile.  His Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 must be dismissed to allow Petitioner to return to state court to comply with the exhaustion requirement.

## VI.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: August 7, 2014                              *s/            James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE